MOUNTAIN ICE COMPANY, PROSECUTOR, v. MICHAEL
GURDA ET AL., DEFENDANTS.

Submitted May 15, 1931—Decided November 27, 1931.

Before Justices TRENCHARD, DALY and DONGES.

For the prosecutor, *Emil Neblo.*

For the defendants, *Carl S. Kuebler.*

PER CURIAM.

This is a rule to show cause why a writ of *certiorari* should issue to review a judgment of the Hudson County Court of Common Pleas affirming an award of the compensation bureau. John Gurda died as the result of an accident admittedly arising out of and in the course of his employment by the prosecutor. Compensation was awarded for the benefit of his parents and eight minor brothers and sisters.

1. It is argued that it is not established that the beneficiaries were wholly or to a substantial degree supported by the deceased. There is evidence that deceased worked part of the year on his father's farm and part away from home. During the time he worked on the farm he received no pay. He was thus contributing substantially to the support of the family by the services he rendered. While away from home

he gave his parents from $10 to $15 per week toward the support of the family. With some savings he bought a truck for use on the farm. There is evidence to support the finding that the family was substantially dependent on deceased for support. There being testimony to support the finding of dependency, it should not be disturbed.

2. It is argued that there is no provision in the laws of this state for the payment of compensation to dependents when the accident causes death. The statute makes such provision.

3. That the action was improperly brought by the parents on behalf of themselves and the children. This has been decided to the contrary in *Mountain Ice Co.* v. *Durkin,* 105 *N. J. L.* 636.

4. That compensation is improperly allowed for children after they reach sixteen years of age. There were eight dependent brothers and sisters. When there are six or more dependents the act allows sixty per cent. of the wages as compensation. In this case sixty per cent. was allowed for three hundred weeks. Before the expiration of that period three of the children pass sixteen. If the prosecutor's contention be sound, then the rate should have dropped to fifty-five per cent. on March 10th, 1933, when the third oldest child reached sixteen. The three hundred weeks expire about December 1st, 1933. It would appear that the rate is too high for some thirty weeks by sixty-two cents a week. This makes a total error of about $18 in an award of over $5,000. This is too insubstantial to warrant the issuance of a writ of *certiorari* and may be corrected by application to the trial court.

The writ of *certiorari* is denied and the rule to show cause is discharged, with costs.